On appeal after his conviction of operating a motor vehicle while under the influence of intoxicating liquor (OUI), see G. L. c. 90, § 24(1)(a )(1), the defendant claims error in (1) the denial of his motion to suppress evidence of field sobriety tests; and (2) the trial judge's instructions to the jury. We affirm.
We discern no error of law or abuse of discretion in the motion judge's denial of the defendant's motion to suppress evidence of the field sobriety tests. While the defendant testified at the motion hearing that he "felt like [he] did not have a choice" to participate in the field sobriety tests, he also testified that the officer never told him he had to take the tests. After hearing the defendant and the officer testify about the incident, the motion judge did not find the circumstances to be reasonably viewed as the "use of force to compel performance of the field sobriety tests."[2] The officer's request that the defendant perform field sobriety tests was justified by reasonable suspicion that the defendant was intoxicated. See Commonwealth v. Blais, 428 Mass. 294, 297-298 (1998).[3]
We also discern no error by the trial judge in instructing the jury that "[a]n intoxicated defendant found asleep behind the wheel of a vehicle parked in a public way, with the key in the ignition and the engine on, may be found to have operated the vehicle." Because the defendant objected to the instruction at trial, we review for prejudicial error. See Commonwealth v. Clemente, 452 Mass. 295, 319 (2008). The defendant asks that we extend Commonwealth v. Plowman, 28 Mass. App. Ct. 230 (1990), to hold that he was prejudiced by the instruction that he may be found to have operated the vehicle parked in a public way while asleep behind the wheel, with the key in the ignition and the engine on, without also instructing that "such circumstances did not constitute operation as a matter of law." We decline the invitation.
Ultimately, "[i]t is within the trial judge's discretion ... to choose the form of expression best adapted to make the law intelligible to the jurors." Commonwealth v. Silva, 388 Mass. 495, 507 (1983). The instruction given to the jury made sufficiently clear that they were not required to find "operation" in light of the fact that the defendant was found asleep behind the wheel of a vehicle parked, in a public way, with its engine running. The instruction did not take the issue of operation from the jury, but left it to their determination by using the phrase "may be found to have operated" rather than "has to be found." The instruction correctly stated the law.
Judgment affirmed.

The motion judge heard testimony that the defendant, asleep in his vehicle with the engine running, only awoke after eight minutes of the officer banging on the window, rocking the vehicle, and yelling, which attracted the attention of officers a few blocks away who then went to the scene. After being aroused, the defendant attempted to start his already running vehicle and put it in motion. The officer, banging on the window, shouted to the defendant to roll down the window and upon the defendant doing so, the officer reached into the vehicle, unlocked the doors, and removed the keys from the ignition to prevent the defendant from driving away. When the vehicle's door opened and the defendant got out, the officer detected a "strong odor of an alcoholic beverage" coming from inside the vehicle and noted that the defendant's eyes were "extremely glossy" and his speech was "slurred." The defendant was then told to walk to the rear of the vehicle and onto the sidewalk, where he was asked to perform the field sobriety tests.

To the extent that the defendant is arguing he was coerced to perform the tests during a custodial interrogation and should have been subject to constitutional safeguards, the Supreme Judicial Court has resolved this issue and it requires no further discussion. See Vanhouton v. Commonwealth, 424 Mass. 327, 331 (1997) ("the investigating police officer is not required to furnish Miranda warnings to the motorist before administering field sobriety tests").